Julie Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin Osborne, State Bar No. 261367 (kevin@eko.law)
**Erickson Kramer Osborne LLP**
44 Tehama Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BERRY and BONNIE GAYLE NG, individually and on behalf of others similarly situated,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>PENSION BENEFIT INFORMATION, LLC (doing business as PBI RESEARCH SERVICES); THE BERWYN GROUP, INC.; and DOES 1 through 100,<br><br>　　　Defendants. | Case No.: 4:23-cv-3297<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL<br><br>Complaint for:<br><br>1. Negligence;<br>2. Violation of the California Consumer Privacy Act (Cal. Civ. Code § 1798.150);<br>3. Violation of the Customer Records Act ("CRA") (Cal. Civ. Code § 1798.82);<br>4. Violation of the California Right to Privacy (Cal. Const., art. I, § 1);<br>5. Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.) |

Plaintiffs DAVID BERRY and BONNIE GAYLE NG ("Plaintiffs"), on behalf of themselves and others similarly situated ("the Class"), bring this action against Defendants PENSION BENEFIT INFORMATION, LLC (doing business as PBI RESEARCH SERVICES); THE BERWYN GROUP, INC.; and DOES 1 through 100 (collectively "Defendants" or "PBI") for actual damages suffered by Plaintiffs and the Class, for injunctive relief, and for other recovery specified herein, and allege upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTION

1.      Pensions funds are of critical of importance both to the 10 million individuals who depend on them for their income and for the economy at large. In aggregate, these funds carry approximately $4 trillion in assets and their payments to beneficiaries account for 1.5 percent of gross domestic product.

2.      With over $430 billion in its portfolio, the California Public Employees' Retirement System, or "CalPERS," is the largest public pension funds in the United States. Its sister fund, the California State Teachers' Retirement System, or "CalSTRS," controls an additional $309 billion.

3.      These funds rely on private, third-party contractors for many of their critical infrastructure needs. Defendants PBI and TBGI jointly offer pension plan management services, finding pensioners and confirming they are still alive and able to deposit funds they receive from their pension accounts. These companies hold themselves out as data security fortresses, claiming, "protecting and securing your information is our highest priority."

4.      But in May 2023, they allowed an unauthorized user from a ransomware group to exploit an undetected security flaw in a file transfer system. The total number of pensioners who were affected is still unknown, but over 1 million CalPERS and CalSTRS pensioners personal information was exfiltrated.

5.      Rather than disclose the attack immediately, the Defendants waited several days to inform the funds. When they finally did disclose the disaster, they failed to provide enough

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

information for the funds to know who or how many pensioners were affected. It took several more weeks for the funds to obtain even enough information to notify the affected pensioners.

## **FACTUAL ALLEGATIONS**

6.    CalPERS and CalSTRS ("the Funds") pay hundreds of thousands of retirees and related beneficiaries monthly payouts, often referred to as "annuities." In order to properly handle the annuity payments, the Funds must ensure the accuracy of their recipients' information. This requires confirmation that the funds are being sent in the right format, to the right place, in the correct amount, and that living retirees and beneficiaries will receive the payments for deposit.

7.    Defendants Pension Benefit Information, LLC, and The Berwyn Group, Inc. jointly[1] contract with public pension funds, including CalPERS, CalSTRS, and dozens of other groups, to perform the crucial fiduciary duty of identifying any pensioners who have died. This prevents overpayments and other errors and allows the funds to find the pensioners beneficiaries, where continued payments are appropriate.

8.    Because of the volume of money circulating through the Funds, and the highly sensitive nature of the data involved in the pensioners' accounts, data security is imperative for these contractors.

9.    PBI's website heavily advertises itself as a secure host of personal information, claiming, "protecting and securing your information is our highest priority."

🗄️

**Confidence Your Data is Secure**

Protecting and securing your information is our highest priority. Our formalized security program follows industry-recognized security frameworks and undergoes an annual SSAE 18 SOC 2, Type II audit.

---

[1] Based on information and belief, Defendants were engaged a joint enterprise. Reference throughout this Complaint to "PBI" refers to both Defendants.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

10.     Beyond general statements of data security policy, PBI makes numerous other promises regarding the importance of security and the tools they use to protect pensioner data. PBI's Privacy Policy states:

> Data security is a company imperative. PBI strives to protect the personally identifiable information that we collect, maintain or disseminate, including by using appropriate administrative, physical, and technical safeguards.

11.     Additionally, PBI's Data Security policy states:

> Protecting and securing the information of our clients and our company is of critical importance to PBI. We recognize that all relationships with current and prospective clients are based upon integrity and trust, and we take our role as custodians of confidential information very seriously.

The policy goes on to state the company uses "a multi-layered approach to protect data securely" that includes annual training for IT professionals, real time scanning of code changes for vulnerabilities, web application firewalls, n-tier application architecture, security awareness training program for all employees at onboarding and on a regular basis, data loss prevention tools to alert and block transfers of sensitive data, a system to correlate alerts and events across various platforms, dozens of reviews of quarterly audit checks, annual audits by an independent third-party for controls over data confidentiality and security, regular third party tests and audits of security controls, monthly and quarterly vulnerability assessments and penetration tests of internal and external network and application security, annual application penetration tests, critical event and failure alerts, regular system and software patching, firewalls with intrusion prevention and intrusion detection software, anti-virus scanning, a dedicated security event management system with 24/7 alerting, a policy that limits access based on employees job function, multi-factor authentication, quarterly audits of user accounts and permissions, and encryption tools for data at-rest stored in its databases that are tested on a quarterly basis.

12.     PBI's Privacy Principles statement reads:

> Data security is a company imperative. PBI strives to protect the personally identifiable information that we collect, maintain or disseminate, including by using appropriate administrative, physical, and technical safeguards.
>
> …
>
> PBI strives to prevent the acquisition of information from our products and services for improper purposes, such as identity theft. PBI believes in the importance of

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

notifying individuals who may have had their sensitive personally identifiable information acquired by an unauthorized individual, as appropriate.

13.    In addition to these blanket privacy policies, PBI uses a unique Privacy Notice for California Residents that "supplements the information contained in PBI's Privacy Policy and applies solely to individuals who reside in the State of California." The California-specific policy confirms that PBI collects an abundance of personal information from California residents. Examples include their name, driver's license number, passport number, age, race, color, ancestry, national origin, citizenship, religion or creed, marital status, medical condition, physical or mental disability, sex, gender, gender identity, gender expression, pregnancy or childbirth and related medical conditions, sexual orientation, health insurance information, veteran or military status, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, other financial information, browsing history, search history, history of interactions with a websites or web application, and "sensory data" (defined to include "audio, electronic, visual, thermal, olfactory, or similar information"). It collects this information from sources that include government sources, such as state, local and federal government entities. Its stated purpose for collecting this information is "preventing fraud or avoiding overpayment of benefits to deceased individuals." The reason for this California-only policy is "to comply with the California Consumer Privacy Act of 2018."

14.    While long on promises, PBI fell tragically short of expectations in practice. In May 2023, PBI used a file transfer software called MOVEit, made by Progress Software. The system had a "zero-day" flaw, meaning there was a vulnerability that had never been identified or detected and the security system had zero days to prepare an effective response. The defect allowed attackers unauthorized access to pensioners' unencrypted data.

15.    If PBI had been using the countless penetration tests, audits, firewalls, third-party stress tests, and encryption tools it advertised, it would have detected and eliminated the flaw. Instead, on or before May 29, 2023, an unauthorized user gained access to the PBI MOVEit platform and accessed files of at least 148 organizations, including CalPERS and CalSTRS.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

16.     In total, 769,000 CalPERS pensioners' full names, social security numbers, and dates of birth were exfiltrated; while 415,000 CalSTRS full names, social security numbers, dates of birth, and zip codes were exfiltrated. In some cases, the names of former or current employers, spouses or domestic partners, and children of pensioners was also exfiltrated.

17.     Rather than notify the Funds immediately, PBI waited days. On June 4, 2023, PBI revealed to CalPERS that there had been a data security incident. On June 6, 2023, PBI representatives informed CalPERS of the breach.

18.     But the information provided was scant and inadequate to provide the affected pensioners with notice. According to CalPERS, "PBI's initial communication with CalPERS on June 6, 2023, did not provide sufficient detail as to the scope of the data that was impacted and the individuals to which that data belonged … We recognize the need for timely, accurate communication and we share the frustrations this third-party vendor breach has created for CalPERS members and their families."

19.     CalPERS did not have sufficient information to notify affection pensioners until June 22, 2023, when it began to send letters and notified the State Attorney General. CalPERS has terminated its relationship with PBI. CalSTRS has still not sent notice to affected pensioners.

20.     Other than providing the scant information to the Funds, PBI has done nothing to notify Plaintiffs or the Class of the breach. It has not sent notice to them directly, published publicly available information for them to access via the internet, or provided notice directly to the California Attorney General.

21.     A substantial majority of the Funds' pensioners are fixed-income seniors. They are now prime targets cyber threats. Their personal information is exposed in the dark corners of the internet because of PBI's lax security.

22.     Upon receiving news of the breach, pensioners were panicked. Many immediately attempted to contact the Funds to determine the source of the breach or request confirmation of the safety of their pensions. The nature of this incident has caused and will continue to cause them stress, anger, and fear for the safety of their identity and income.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

23.     The pensioners have also incurred and will continue to incur expenses trying to mitigate their harm. Identity theft protection and credit monitoring services cost consumers as much as $30 per month. Tracking down and containing hacked personal information is even more costly, requiring the use of private investigators and data security professionals. Studies by the National Institute of Standards and Technology show hackers often steal data and then hold it for future use years, or even decades later. Thus, the victims of the PBI data breach will require ongoing protections.

24.     In addition, pensioners have spent and will spend substantial amounts of their time attempting to remedy the losses and securing their information and assets from further attack consequent to the breach.

## JURISDICTION AND VENUE

25.     This action is brought as a class action for common law negligence and under the California Consumer Privacy Act ("CCPA") (Cal. Civ. Code § 1798.150), Customer Records Act ("CRA") (Cal. Civ. Code § 1798.82), the California Constitution's right to privacy (Cal. Const., art. I, § 1), and the Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) for monetary and equitable relief due to Defendants' negligent, unlawful, and unfair conduct. This court also has original jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of the Parties' citizenship and pursuant to 28 U.S.C. § 1332(d) as amended by the Class Action Fairness Act of 2005 ("CAFA").

26.     This Court has personal jurisdiction over Defendants because Defendants and their affiliates do business in the state of California and the claims asserted herein arise from conduct occurring in California. Defendants avail themselves to the jurisdiction of this Court by servicing California government entities, including CalPERS and CalSTRS, which are Defendants' largest clients, and by virtue of the fact that the majority of the pensioners whose personal information data Defendants possess is personal information data belonging to California residents.

27.     Venue is proper in this Court because, *inter alia*, Defendants engage and perform business activities in and throughout this judicial district. Many of the acts committed by Defendants complained of herein occurred in this judicial district.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**THE PARTIES**

28.    Plaintiff David Berry is, and at all relevant times was, a resident of the state of California. He presently resides in Sacramento County, California. He is a retired public employee and a CalPERS pensioner. Based on information and belief, his personal information, including his name, date of birth, and social security number were released in unredacted or unencrypted form in the May 2023 PBI data breach incident.

29.    Plaintiff Bonnie Gayle Ng is, and at all relevant times was, a resident of the state of California. She presently resides in Contra Costa County, California. She is a retired public employee and a CalPERS pensioner. Based on information and belief, her personal information, including her name, date of birth, and social security number were released in unredacted or unencrypted form in the May 2023 PBI data breach incident.

30.    Defendant Pension Benefit Information, LLC, doing business as PBI Research Services, is a corporation in the business of pension plan management services with its principal place of business located at 333 South Seventh Street, Suite 2400, in Minneapolis, Minnesota.

31.    Defendant The Berwyn Group, Inc. is a corporation in the business of pension plan management services with its principal place of business located at 2 Summit Park Drive, Suite 610, in Independence, Ohio.

32.    Plaintiffs are informed and believe that at all relevant times Defendants Pension Benefit Information, LLC and The Berwyn Group, Inc. were engaged in a joint enterprise with one another in servicing the Funds. Acts of one Defendant described in this Complaint are attributed to both and each is legally responsible for the acts of itself and of the other.

33.    DOES 1 through 100, inclusive, are unknown to Plaintiffs who sue such Defendants by use of such fictitious names. Plaintiffs will amend this complaint to add the true names when they are ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is legally responsible for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by their conduct.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

34.    At all relevant times, all Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts, and omissions as described in each and all of the foregoing paragraphs, unless otherwise indicated.

35.    At all relevant times, the unlawful conduct against Plaintiffs and class members as described in each and all of the foregoing paragraphs was actuated, in whole or in part, by a purpose to serve Defendants. At all relevant times, upon information and belief, the unlawful conduct described in each and all of the foregoing paragraphs was reasonably foreseeable by Defendants and committed under actual or apparent authority granted by Defendants such that all of the aforementioned unlawful conduct is legally attributable to Defendants.

## <u>CLASS ALLEGATIONS</u>

36.    Plaintiffs bring this action to seek equitable non-monetary and monetary relief as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, on behalf of themselves and the following Class:

> All California residents whose personal information was exfiltrated in the 2023 PBI data security incident, described herein.

37.    Plaintiffs reserve the right to amend the Class definition if discovery or further investigation demonstrate that it should be expanded or otherwise modified.

38.    The members of the Class are so numerous, counting over 1 million, that joinder of all members would be impracticable.

39.    There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

a.    Whether Defendants' substandard security practices resulted in a breach of their duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the sensitive personal information so as to protect that information;

b.    Whether Defendants failed to provide notice to affected persons, including Plaintiffs and the Class, of release of their personal information;

c.    Whether Defendants' conduct violated California's consumer protection and privacy laws; and

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

    d.  Whether, as a result of Defendants' misconduct, Plaintiffs and the Class are entitled to compensatory damages, restitution, penalties, and equitable relief, and, if so, the amount and nature of such relief;

40.    Plaintiffs' claims are typical of the claims of the Class. Plaintiffs have no interests antagonistic to those of the Class and are not subject to any unique defenses.

41.    Plaintiffs will fairly and adequately protect the interests of the Class and have retained attorneys experienced in class action and complex litigation.

42.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, inter alia, the following reasons:

    a.  It is economically impractical for members of the Class to prosecute individual actions;

    b.  The Class is readily ascertainable and definable;

    c.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

    d.  A class action will enable claims to be handled in an orderly and expeditious manner, will save time and expense, and will ensure uniformity of decisions.

43.    Plaintiffs do not anticipate any difficulty in the management of this litigation.

## CAUSES OF ACTION

### First Cause of Action

### Negligence

44.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

45.    That at said time and place, as aforesaid, the Defendants owed a duty of reasonable care toward Plaintiffs and the Class based upon Defendants' relationship to them and the data in Defendants' possession. Said duty is based upon Defendants' contractual obligations, custom and practice, right to control information in its possession, exercise of control over the information in its possession, authority to control the information in its possession, and the commission of affirmative acts that resulted in said harms and losses. Additionally, said duty is based on the requirements of California Civil Code section 1714 requiring all "persons,"

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

including Defendants, to act in a reasonable manner toward others. Additionally, said duty is based on the specific statutory duties imposed on Defendants under California Civil Code sections 1798.80, *et seq.*, as businesses operating in the State of California that own or license computerized data and maintain their customers' personal information. Said duty is further based on the specific statutory duties imposed on Defendants under California Civil Code sections 1798.100, *et seq.*, as businesses operating in the State of California that either have annual operating revenue above $25 million, collect the personal information of 50,000 or more California residents annually, or derive at least 50 percent of their annual revenue from the sale of personal information of California residents.

46.    Defendants breached said duty by negligently, carelessly, and recklessly collecting, maintaining, and controlling their customers' sensitive personal information and engineering, designing, maintaining, and controlling systems that exposed their customers' sensitive personal information of which Defendants had control and possession to the risk of exposure to unauthorized persons.

47.    Defendants further committed *per se* breaches of said duty by negligently violating the dictates of California Civil Code sections 1798.82, *et seq.*, and 1798.100, *et seq.*, and the provisions of the California Constitution enshrining the right to privacy, by failing to inform Plaintiffs and the Class of the access to their sensitive personal information by unauthorized persons expeditiously and without delay and failing to adequately safeguard this information from unauthorized access. The provisions of the California Civil Code and the California Constitution that Defendants violated were enacted to protect the class of Plaintiffs here involved from the type of injury here incurred, namely their right to privacy and the protection of their personal data. At said time and place, Plaintiffs and the Class were within the class of persons and consumers who were intended to be protected by California Civil Code sections 1798.82, *et seq.*; 1798.100, *et seq.*; and the California Constitution.

48.    As a direct consequence of the actions as identified above, and the breaches of duties indicated thereby, unauthorized users gained access to, exfiltrated, stole, and gained disclosure of the sensitive personal information of Plaintiffs and the Class, causing them harms and losses

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

including but not limited to the loss of control over the use of their identity, harm to their

constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover

the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated

to the recovery and protection of further loss, privacy injuries associated with having their

sensitive personal information disclosed, stress, anger, anxiety, and other special and general

damages.

**Second Cause of Action**

**Violation of the California Consumer Privacy Act**

**(Cal. Civ. Code § 1798.150 ("CCPA"))**

49.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully

herein.

50.    At all relevant times, Defendants were "businesses" under the terms of the CCPA as sole

proprietorships, partnerships, limited liability companies, corporations, associations, or other

legal entities operating in the State of California that collect consumers' personal information,

and that either have annual operating revenue above $25 million, collect the personal information

of 50,000 or more California residents annually, or derive at least 50 percent of their annual

revenue from the sale of personal information of California residents.

51.    At all relevant times, Plaintiffs and the Class were "consumers" under the terms of the

CCPA as natural persons as defined in Section 17014 of Title 18 of the California Code of

Regulations.

52.    By the acts described above, Defendants violated the CCPA by negligently, carelessly,

and recklessly collecting, maintaining, and controlling their customers' sensitive personal

information and by engineering, designing, maintaining, and controlling systems that exposed

their customers' sensitive personal information of which Defendants had control and possession

to the risk of exposure to unauthorized persons, thereby violating their duty to implement and

maintain reasonable security procedures and practices appropriate to the nature of the

information to protect the personal information. Defendants allowed unauthorized users to view,

use, manipulate, exfiltrate, and steal the nonencrypted and nonredacted personal information of Plaintiffs and other pensioners, including their personal information.

53.      Plaintiffs have complied with the requirements of California Civil Code section 1798.150(b) and attach herewith as Exhibit 5 a true and correct copy of the letter of January 8, 2021, providing Defendants with written notice of the specific provisions of the CCPA Plaintiffs allege have been violated via certified mail.[2]

54.      As a result of Defendants' violations, Plaintiffs and the Class are entitled to all actual and compensatory damages according to proof or statutory damages allowable under the CCPA, whichever are higher, and to such other and further relief as this Court may deem just and proper.

### Third Cause of Action

### Violation of the Customer Records Act

### (Cal. Civ. Code § 1798.82 ("CRA"))

55.      Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

56.      At all relevant times, Defendants were "businesses" under the terms of the CRA as sole proprietorships, partnerships, corporations, associations, financial institutions, or other groups, operating in the State of California that owned or licensed computerized data that included the personal information of Plaintiffs and the Class.

57.      At all relevant times, Plaintiffs and the Class were "customers" under the terms of the CRA as natural persons who provided personal information to Defendants for the purpose of purchasing or leasing a product or obtaining a service.

58.      By the acts described above, Defendants violated the CRA by allowing unauthorized access to customers' personal information and then failing to inform them when the unauthorized

---

[2] Plaintiff presently seeks only individual relief under the CCPA and, upon the expiration of time prescribed by Civil Code section 1798.150(b), will amend this complaint to confirm the Defendants have declined or failed to cure the noticed violations.

use occurred for weeks or months, thereby failing in their duty to inform their customers of unauthorized access expeditiously and without delay.

59.    As a direct consequence of the actions as identified above, Plaintiffs and the Class incurred additional losses and suffered further harm to their privacy, including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal information disclosed, that they would not have otherwise lost had Defendants immediately informed them of the unauthorized use.

60.    As a result of Defendants' violations, Plaintiffs and the Class are entitled to all actual and compensatory damages according to proof, to non-economic injunctive relief allowable under the CRA, and to such other and further relief as this Court may deem just and proper.

### Fourth Cause of Action

### Violation of the California Constitution's Right to Privacy

### (Cal. Const., art I, § 1)

61.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

62.    The California Constitution provides:

> "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." (Cal. Const., art. I, § 1.)

63.    Plaintiffs and the Class had a legally recognized and protected privacy interest in the personal information provided to and obtained by Defendants, including but not limited to an interest in precluding the dissemination or misuse of this sensitive and confidential information and the misuse of this information for malicious purposes such as the theft of funds and property.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

14

64.     Plaintiffs and the Class reasonably expected Defendants would prevent the unauthorized viewing, use, manipulation, exfiltration, theft, and disclosure of their personal information and the unauthorized use of their accounts.

65.     Defendants' conduct described herein resulted in a serious invasion of the privacy of Plaintiffs and the Class, as the release of personal information, including but not limited to names, social security numbers, dates of birth, and other information could highly offend a reasonable individual.

As a direct consequence of the actions as identified above, Plaintiffs and the Class suffered harms and losses including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal information disclosed.

## Fifth Cause of Action

### Violation of the Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"))

66.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

67.     By engaging in the above-described unfair business acts and practices, Defendants committed and continue to commit one or more acts of unlawful, unfair, and fraudulent conduct within the meaning of the UCL.  These acts and practices constitute a continuing and ongoing unlawful business activity defined by the UCL, and justify the issuance of an injunction, restitution, and other equitable relief pursuant to the UCL.

68.     Defendants' acts and practices constitute a continuing and ongoing unlawful business activity defined by the UCL. Defendants failed and continue to fail to implement and maintain reasonable security procedures and practices appropriate to protect the personal information; failed and continue to fail to inform their customers of unauthorized access expeditiously and without delay; and made and continue to make misrepresentations regarding the nature and quality of their data protection, all in violation of, *inter alia*, the following California laws:

    a.   California Civil Code section 1798.150(a);

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

b.   California Civil Code section 1798.82(a); and

c.   California Constitution, article I, section 1.

69.   Defendants' acts and practices constitute a continuing and ongoing unfair business activity defined by the UCL. Defendants' conduct is contrary to the public welfare as it transgresses civil statutes of the State of California designed to protect individuals' constitutional and statutory right to privacy, violates established public policy, and has been pursued to attain an unjustified monetary advantage for Defendants by creating personal disadvantage and hardship to California pensioners.  As such, Defendants' business practices and acts have been immoral, unethical, oppressive and unscrupulous and has caused injury to pensioners far greater than any alleged countervailing benefit.

70.   As a direct and proximate consequence of the actions as identified above, Plaintiffs and the Class suffered and continue to suffer harms and losses including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal information disclosed.

71.   Plaintiffs seek an order of this Court awarding restitution and injunctive relief and all other relief allowed under the UCL, including interest and attorneys' fees pursuant to, *inter alia*, Code of Civil Procedure section 1021.5, and to such other and further relief as this Court may deem just and proper.

**PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and the Class, pray for relief and judgment against Defendants as follows:

A.      For an order certifying the proposed Class and Subclasses pursuant to Federal Rules of Civil Procedure, Rule 23;

B.      For an order appointing Plaintiffs and their counsel to represent the Class;

C.      For an order enjoining Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf or in concert with them, from continuing to hold, possess, or maintain personal information of Californians;

D.      For actual and compensatory damages according to proof pursuant to code and all other applicable laws and regulations;

E.      For restitution to the extent permitted by applicable law;

F.      For punitive damages pursuant to California Civil Code section 3294(c)(3);

G.      For pre-judgment and post-judgment interest;

H.      For an award of attorneys' fees, costs, and expenses as authorized by applicable law; and

I.      For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and the Class, demand a trial by jury on all issues so triable.

Dated this June 30, 2023.                    /s/ Elizabeth A. Kramer

ERICKSON KRAMER OSBORNE LLP
Julie Erickson
Elizabeth Kramer
Kevin Osborne
Attorneys for Plaintiffs David Berry and Bonnie Gayle Ng

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# Exhibit 1

# ERICKSON KRAMER + OSBORNE

Mailing address: 44 Tehama St.
San Francisco, California 94105
Email: kevin@eko.law
Phone: 415-635-0631
Fax: 415-599-8088

June 30, 2023

***CERTIFIED MAIL***
***RETURN RECIEPT REQUIRED***

Pension Benefit Information, LLC
333 South Seventh Street
Suite 2400
Minneapolis, MN 55402

> *RE: David Berry & Bonnie Gayle Ng, Individually and on Behalf of all Others Similarly Situated*

To the above-listed recipient:

This letter shall constitute notice under California Civil Code section 1798.150 of the California Consumer Privacy Act ("CCPA") that David Berry & Bonnie Gayle Ng, individually and on behalf of all others similarly situated, demand that you remedy your violations of the CCPA within thirty (30) days from your receipt of this letter.

"All others similarly situated" is defined as follows:

All California residents whose personal information was released in the 2023 PBI data security incident.

It is the contention of Mr. Berry & Ms. Ng that you violated subsection (a)(1) of Civil Code section 1798.150, which reads as follows:

Any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action for any of the following:

> (A) To recover damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident or actual damages, whichever is greater.

> (B) Injunctive or declaratory relief.

> (C) Any other relief the court deems proper.

CCPA Notice Letter, Civil Code section 1798.150
June 30, 2023

     Mr. Berry & Ms. Ng, whose personal information was disclosed consequent to unauthorized use of your networks, individually and on behalf of all others similarly situated, hereby request full compensation of all lost funds related to breaches of your platform in 2023, for lost time dedicated to the investigation of and attempt to recover the loss of information and cure harm to their privacy, and for the need for future expenses and time dedicated to the recovery and protection of further loss. These sums must be paid in full within thirty (30) days from the date of this correspondence.

     Pursuant to the CCPA, if, within thirty (30) days from your receipt of the date of this correspondence, you actually cure the violation noticed herein and provide the Mr. Berry & Ms. Ng, through my firm, with an express written statement that the violations have been cured and that no further violations shall occur, no action for individual statutory damages or class-wide statutory damages may be initiated against you.

     We solicit your prompt attention to this matter and thank you in advance for your anticipated cooperation.

Sincerely,

Kevin M. Osborne

# ERICKSON KRAMER + OSBORNE

Mailing address: 44 Tehama St.
San Francisco, California 94105
Email: kevin@eko.law
Phone: 415-635-0631
Fax: 415-599-8088

June 30, 2023

**_CERTIFIED MAIL_**
**_RETURN RECIEPT REQUIRED_**

The Berwyn Group, Inc.
2 Summit Park Drive
Suite 610
Independence, OH 44131

> RE: *David Berry & Bonnie Gayle Ng, Individually and on Behalf of all Others Similarly Situated*

To the above-listed recipient:

This letter shall constitute notice under California Civil Code section 1798.150 of the California Consumer Privacy Act ("CCPA") that David Berry & Bonnie Gayle Ng, individually and on behalf of all others similarly situated, demand that you remedy your violations of the CCPA within thirty (30) days from your receipt of this letter.

"All others similarly situated" is defined as follows:

All California residents whose personal information was released in the 2023 PBI data security incident.

It is the contention of Mr. Berry & Ms. Ng that you violated subsection (a)(1) of Civil Code section 1798.150, which reads as follows:

Any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action for any of the following:

(A) To recover damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident or actual damages, whichever is greater.

(B) Injunctive or declaratory relief.

(C) Any other relief the court deems proper.

CCPA Notice Letter, Civil Code section 1798.150
June 30, 2023

Mr. Berry & Ms. Ng, whose personal information was disclosed consequent to unauthorized use of your networks, individually and on behalf of all others similarly situated, hereby request full compensation of all lost funds related to breaches of your platform in 2023, for lost time dedicated to the investigation of and attempt to recover the loss of information and cure harm to their privacy, and for the need for future expenses and time dedicated to the recovery and protection of further loss. These sums must be paid in full within thirty (30) days from the date of this correspondence.

Pursuant to the CCPA, if, within thirty (30) days from your receipt of the date of this correspondence, you actually cure the violation noticed herein and provide the Mr. Berry & Ms. Ng, through my firm, with an express written statement that the violations have been cured and that no further violations shall occur, no action for individual statutory damages or class-wide statutory damages may be initiated against you.

We solicit your prompt attention to this matter and thank you in advance for your anticipated cooperation.

Sincerely,

Kevin M. Osborne